Tony FANNI, On behalf of himself & all others similarly situated; Marvin Schnee, on behalf of himself & all others similarly situated; Florida State Board of Administration, on behalf of itself & all others similarly situated, Plaintiffs–Appellants,

v.

NORTHROP GRUMMAN CORPORATION; Kent Kresa; Jack R. Borsting; John T. Chain, Jr.; Jack Edwards; Phillip Frost; Aulana L. Peters; John E. Robson; Richard M. Rosenberg; Brent Scowcroft; Robert A. Lutz; John Brooks Slaughter; Richard J. Stegemeier; Wallace C. Solberg, Defendants–Appellees.

No. 00–55817.

D.C. No. CV–98–06197–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Dec. 10, 2001.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM [*]

Tony Fanni ("Fanni")[1] brought this class action against Northrop Grumman Corporation ("Northrop") and many of its officers (collectively "Defendants") for issuing allegedly false or misleading proxy statements ("Proxy Statement") in violation of § 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a–9 of the Securities Exchange Commission (the "SEC"). *See* 15 U.S.C. § 78n(a) (2001); 17 C.F.R. § 240.14a–9(a) (2001). The district court held that the contested Proxy Statement was not false or misleading and, therefore, granted Defendants' motions to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u–4(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## BACKGROUND

Because the parties are familiar with the facts, we recount them only as needed to explain our decision. In July 1997, Northrop and Lockheed Martin ("Lockheed") announced plans to merge; the union would have created the world's largest defense contractor. The United States Departments of Justice ("DOJ") and Defense ("DOD") launched an investigation to assess the antitrust ramifications of the proposed defense-industry juggernaut. In the ensuing months, Northrop and Lockheed had numerous conversations and meetings with the government and responded to its frequent and onerous requests for document production.

In January 1998, the two companies issued a joint Proxy Statement recommending that shareholders approve the proposed merger. The shareholders subsequent approval of the merger triggered the "change-in-control" provision of Northrop's executive stock option plans, resulting in an estimated $150 million windfall for Northrop executives. When the government announced its opposition to the merger weeks later, Northrop and Lockheed abandoned their plans, leaving Northrop and its shareholders $150 million poorer.

Fanni alleged that Defendants knew months before it issued the Proxy that the government's opposition to the merger was a "virtual certainty." Thus, the following Proxy Statements misrepresented the risk of government opposition as a mere possibility when, in fact, the risk was a near certainty:

It is possible that governmental authorities may impose conditions for granting approval. We may be required to divest

1. "Fanni" denotes the three class actions—the Fanni, Schnee, and Florida State Board of Administration actions—consolidated for trial.

one or more of either company's product lines, or agree to various operating restrictions before or after receipt of a shareholder approval, in order to estab-lish compliance with the antitrust laws. Fanni claimed that the shareholders would not have approved the merger—and the concomitant $150 million bonanza—were it not for the aforementioned statements.

## STANDARD OF REVIEW

■ We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6). "[T]he PSLRA has modified the liberal, notice pleading standard found in the Federal Rules of Civil Procedure." *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1021 (9th Cir.2000) (citation omitted). Thus, while Fanni's allegations of material fact are presumed true, we must consider whether the complaint complies with the PSLRA's "more stringent pleading requirements." *Id.*

## DISCUSSION

Fanni's complaint clearly alleges fraud, accusing Defendants of concealing their awareness of the government's certain opposition to the merger in order to secure shareholder approval.[2] Fanni is, thus, subject to the PSLRA's rigorous pleading requirements which govern securities fraud class actions. Fanni fails to satisfy this heightened pleading standard.

SEC Rule 14a–9 prohibits any proxy solicitation "which, at the time ... it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a–9. The PSLRA requires Fanni's complaint to "specify each statement alleged to have been misleading, the ... reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1) (2001). *See also Desaigoudar,* 223 F.3d at 1023.

■ Fanni's complaint specifies in great detail conversations and meetings between Defendants and government officials during which Defendants supposedly learned of the government's steadfast opposition to the merger. Fanni clearly grounds its factual allegations on "information and belief" (rather than personal knowledge) yet its complaint offers no facts by which we can assess its credibility. The PSLRA requires Fanni to "state with particularity all facts forming the basis for [its] belief," and to "provide a list of *all relevant circumstances* in great detail." *In re Silicon Graphics Inc. Secs. Litig.,* 183 F.3d 970, 983, 984 (9th Cir.1999) (emphasis added). Specifically, the complaint must reveal the "sources of [Fanni's] information," "corroborating details," and facts suggesting the reliability of its assertions. *Id.* at 985. Fanni fails to state the sources of its information, any corroborating details, or other indicia of the reliability of its assertions. Accordingly, the PSLRA requires that we dismiss Fanni's complaint.

---

**2.** Fanni's contention that it accuses Defendants of negligence or recklessness, rather than fraud, is belied by its complaint. The following is representative of Fanni's allegations: "By the time of the proposed shareholder vote on the merger, [Defendants] knew that it was a virtual certainty that the Government would oppose the merger. Nevertheless, they stood silent ... because they stood to gain personally from that approval."

Even were we to accept that the complaint did not allege fraud, and thus, was not governed by the PSLRA's stringent pleading standards, the PSLRA's "safe-harbor" provision would insulate the allegedly misleading statements because they were "forward-looking" and accompanied by "meaningful cautionary language." 15 U.S.C. § 78u–5(c)(1) to (c)(1)(A)(i), (i)(1)(B), (i)(1)(D).

*See* 15 U.S.C. § 78u–4(b)(3)(A) (requiring dismissal of private securities fraud action where complaint fails to meet pleading requirements of § 78u–4(b)(1)).

AFFIRMED.